## Phebe T. Morrison, Appellant, v. Charles D. Seaman, Ann S. Seaman, Lydia Smith and J. C. Drury.

*Land law—Warrants and surveys—Location—Calls—Courses and distances—Blocks.*

In the absence of monuments of the original surveys, calls for adjoiners, courses and distances and the legal presumption that the surveys were made as they were returned into the land office are to be resorted to in order to locate the line of any given survey. In the case of interior members of a block the rule is that marks made by the surveyor for any tract in the block are evidence for the purpose of fixing the lines of any other tract in the same block. But where lines are run and marks made by the surveyor for a particular tract sufficient to fix its place on the ground, the rules applicable to the location of individual warrants are to be followed, and those applicable to the interior tracts of a block have no application.

If many of the tracts inclosed by exterior lines are without marks upon their own lines made for them, still if one or more of said tracts has original marks of an earlier date on its lines, which were adopted by the surveyor for the location of the tract in question, such adopted work will control the location of the tract in the same manner as if the marks had been made by the surveyor instead of being adopted by him.

Where a number of surveys were made by the same surveyor at about the same time, and the surveys, while not constituting a block in the legal sense of the word, show definite and ascertainable monuments of the original survey made or adopted for each of the tracts, the court, in ascertaining the division between two of the tracts, must retrace the footsteps of the surveyor from day to day as nearly as the marks he has left behind him will permit.

Argued May 4, 1898. Appeal, No. 90, Jan. T., 1898, by plaintiff, from judgment of C. P. McKean Co., Oct. T., 1894, No. 42, on verdict for defendants. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Ejectment for eighty acres of land in Carydon township.

The facts appear by the report of the case in 183 Pa. 74. It was tried the second time, so far as the surveys from the north immediately affecting the line now before the court is concerned, upon substantially the same evidence from the same surveyors, upon substantially the same points, and with the same result as before.

The suit was brought to recover the possession of a certain tract of land about thirty-five rods wide off the east end of warrant No. 3,725, bounded on the east by the warrant line, and on the west by the new county line.

Morrison, J., charged as follows:

In the view that the court takes of this case it does not leave anything very serious for the jury. We think after the evidence is all in and the arguments presented that it comes down to a question of law, which we must take the responsibility of deciding. The controversy arises in this way: In 1793 the deputy surveyor undertook to locate certain warrants, the Robert Morris warrants, and he went on the ground and ran the east line of 3721, 3707, 3720, 3734 and 3704, and marked it upon the ground. Lying west and adjoining the tier of warrants I have referred to is 3727, 3726 and 3725, and if he had run the line between these warrants and the first I have mentioned, and marked the work on the ground, no controversy would have arisen, to find where the marks were, but he did not do that; he plotted his survey and made a chamber survey; he did not go on the line at all; hence the dispute arises as to where it should be located. The controversy is between the owners of 3725, or a part of it, and the owner of 3721. It is conceded that the defendant owns 3721 and that the plaintiff owns so much of 3725 at least lying immediately west of it as would be in controversy in this case; hence it becomes a question of which of these warrants embraces the land described in the plaintiff's writ.

The parties have presented their theories in written points which cover the whole question as each of the parties contend for it here. No longer ago than October 25, 1897, the Supreme Court, in an opinion, gave us what they consider the correct rule for locating this disputed line, and, as sometimes happens, the counsel radically disagree as to what that rule is. The

Supreme Court evidently supposed they were making it plain, but it seems that they did not, at least to these parties and their counsel, because their positions taken are diametrically opposite. Hence it becomes a question for us to say whether either party's position is correct, and if so which one, and if neither was correct it would be necessary for us to say what we think the rule laid down by the Supreme Court is. We can heartily say that we desire to follow the instructions of the Supreme Court and have this line fixed as they say it ought to be.

[We are not able to adopt the plaintiff's theory, or any of the plaintiff's theories in regard to running this line, hence as a necessary result of that we must negative the plaintiff's points. It is not necessary to read them. We will direct them to be filed and copied in the record, answered in the negative.

We think, after reading the opinion of the Supreme Court and giving this matter considerable attention and thought, that the defendants' points—the positions taken in their points, follow the rule laid down by the Supreme Court, and that the line must be fixed in accordance with the principles laid down in the defendants' points, and we file them and direct them to be copied into the record, and affirm them.

Now, this requires a verdict in favor of the defendants for the land described in the writ, unless there is any question as to which side of the line so located, as matter of law, the land lies. As we understand, three surveyors and one or two other witnesses have testified that it lies on the east side of that line; that would put it into warrant 3721, therefore the verdict should be for the defendants—unless the counsel think there is some question that ought to go to the jury. The location of land is ordinarily for the jury, but when it is not disputed, as in this case, I apprehend we ought to say what the verdict should be.] [1]

[ Mr. Ball : The defendants' points used the words "shall be run according to the official course." Our thought is that it is impossible to both run this line according to the official course and parallel with the line on the east. If you will explain the meaning of " official course " we have nothing to say. Otherwise we would ask that the jury might apply that term to the land, on the ground.

The Court : Our view of it is that when the deputy surveyor

ran this line north and south and called it a north and south line, and so returned it, and it was not a north and south line, but varied several degrees, and when he returned into the office a plotted line, which appears from the work and evidence in the case, to us, to have been a line parallel, and called it running south, that he meant, beyond all question, a line running the same course that he ran the one on the east boundary. There is nothing in the case to indicate that he intended that one line should run a different course from the other; that he intended his work to be parallel. Therefore, we think when the defendants ask us to say " according to the official course," that running south parallel with the east line is the official course. In other words, when the surveyor with instruments called the line on the east line of the warrants a north and south line, that if he had run the other line with the same instruments and at the same time, every presumption is that it would have been parallel with the line on the east, and would have varied as that did.] [2]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*D. I. Ball*, with him *W. J. Knupp* and *E. R. Mayo*, for appellant.

*J. W. Bouton*, with him *F. D. Gallop*, *James O. Parmlee* and *Edward Lindsey*, for appellees.

PER CURIAM, May 16, 1898:

When this case was here before, our Brother WILLIAMS, writing for the Court, pointed out particularly the manner in which the correct location of the lines in controversy should be determined, as will be seen by reference to his opinion in Morrison v. Seaman, 183 Pa. 74.

A careful consideration of the record in this case has satisfied us that the instructions referred to were substantially complied with in last trial. In other words, that trial was conducted as nearly as may be on the lines indicated in the opinion above cited. We find no error in the record that requires correction. Neither of the specifications is sustained.

Judgment affirmed.